**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>Niagra River Hotels, Inc., a Canadian corporation; and Mangat Verma,<br><br>   Defendants. | No. CV-08-1740-PHX-DGC<br><br>**ORDER** |

Plaintiff Best Western International, Inc. filed a complaint against Defendants Niagra River Hotels, Inc. and Mangat Verma asserting various state and federal law claims arising from Defendants' alleged unlawful use of Plaintiff's marks and alleged failure to pay monies owed to Plaintiff. Dkt. #1. Plaintiff has filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Dkt. #23. For reasons that follow, the Court will deny the motion without prejudice.

Because Defendants' default has been properly entered under Rule 55(a) (*see* Dkt. ##17-20), the Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any,

(5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Because Plaintiff does not address the *Eitel* factors (*see* Dkt. ##23-24), the Court will deny the motion for default judgment without prejudice. Plaintiff shall have until **May 29, 2009** to refile the motion. The new motion shall fully address each *Eitel* factor and also shall include an explanation and evidence sufficient to support any calculation of damages, including the mean of the Hotel's room rates, the number of rooms, and the number of days the Hotel used Plaintiff's marks after termination of the parties' agreement. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (factual allegations of the complaint relating to the amount of damages are not taken as true on a motion for default judgment); Fed. R. Civ. P. 8(b)(2)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Dkt. #23) is **denied** without prejudice.
2. Plaintiff shall have until **May 29, 2009** to file a new motion for default judgment consistent with this order.

DATED this 14th day of May, 2009.

_____
David G. Campbell
United States District Judge