1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Niagra River Hotels, Inc., a Canadian corporation; and Mangat Verma,<br><br>　　　　Defendants. | No. CV-08-1740-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Best Western International, Inc. ("Best Western") is a non-profit corporation consisting of individually owned hotels that operate under the "Best Western" mark. The rights and duties of Best Western and its members are created and governed by a membership agreement, which incorporates by reference certain bylaws and rules and regulations. The membership agreement permits the Best Western Board of Directors to terminate a member hotel for failure to meet certain quality and design standards.

Niagra River Hotels, Inc. ("Niagra") and Mangat Verma owned and operated a hotel formerly known as the Best Western Fireside Hotel, located in Niagra Falls, Canada. In July 2006, Verma executed a membership agreement with Best Western on behalf of himself and Niagra. Best Western terminated the membership in June 2008.

Best Western filed a complaint against Verma and Niagra on September 24, 2008, asserting various state and federal law claims arising from Defendants' alleged unlawful use

1  of Best Western's marks and alleged failure to pay monies owed to Best Western. The
2  complaint asserts the following ten claims: breach of contract, open account, breach of
3  contract – post termination use of trademarks, federal trademark infringement, federal false
4  designation of origin and unfair competition, federal trademark dilution under 15 U.S.C. §
5  1125(e), federal trademark dilution under 15 U.S.C. § 1125(c), unfair competition under
6  Arizona law, trademark dilution under Arizona law, and common law trademark
7  infringement. Best Western seeks damages, injunctive relief, and attorneys' fees and costs.
8  Dkt. #1.

9  Best Western has filed a motion for default judgment pursuant to Rule 55(b) of the
10 Federal Rules of Civil Procedure. Dkt. #23. Best Western seeks default judgment (1) on
11 Counts I and II in the amount of $24,251.24 (U.S. Dollars), plus interest at the rate of 1.5%
12 per month from April 1, 2009, (2) on Count III in the amount of $330,480.00 (U.S. Dollars),
13 and (3) on Counts IV-X, for Best Western's reasonable attorney fees and costs in the amount
14 of $5,6999.05. For reasons that follow, the Court will grant the motion.

15 Because Defendants' default has been properly entered under Rule 55(a) (*see* Dkt.
16 ##17-20), the Court has discretion to grant default judgment against Defendants pursuant to
17 Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*,
18 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether
19 to grant default judgment include (1) the possibility of prejudice to Best Western, (2) the
20 merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake,
21 (5) the possibility of a dispute concerning material facts, (6) whether default was due to
22 excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*,
23 782 F.2d 1470, 1471-72 (9th Cir. 1986).

24 Having considered Best Western's motion, which addresses each of the *Eitel* factors
25 (*see* Dkt. #26), and having reviewed the supporting affidavits and documents provided by
26 Best Western (*see* Dkt. ##1, 24, 26-2 through 26-5), the Court concludes that the requested
27 default judgment is appropriate. *See Best W. Int'l, Inc. v. Universal Hospitality, Inc.*,
28 No. CV-08-91-PHX-DGC, 2008 WL 20003784 (D. Ariz. May 8, 2008) (granting default

judgment against former member-hotel).

**IT IS ORDERED:**

1. Plaintiff Best Western International, Inc.'s motion for default judgment (Dkt. #26) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendants on Counts I and II of the complaint in the amount of **$24,251.24** (U.S. Dollars) plus interest at the rate of 1.5% per month from April 1, 2009 until paid in full.
3. Default judgment is entered in favor of Plaintiff and against Defendants on Counts III of the complaint in the amount of **$330,480.00** (U.S. Dollars).
4. Default judgment is entered in favor of Plaintiff and against Defendants on Counts IV through X of the complaint with respect to an award of reasonable attorney fees and costs.
5. Plaintiff is awarded attorneys' fees and costs in the amount of **$5,699.05** (U.S. Dollars).

DATED this 16th day of June, 2009.

_____
David G. Campbell
United States District Judge